## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                        )
**UNITED STATES of AMERICA**            )
                                        )
    **v.**                              )       **Criminal No.**
                                        )       **03-40015-FDS**
**VICTOR RIVERA,**                      )
                                        )
        **Defendant.**                  )
_____)


## MEMORANDUM AND ORDER ON  DEFENDANT'S
## MOTION TO VACATE, CORRECT, OR SET ASIDE HIS SENTENCE

**SAYLOR, J.**

        Defendant Victor Rivera pleaded guilty in October 2004 to one count of distribution of

heroin and one count of being a felon in possession of a firearm and was sentenced to a term of

imprisonment.  He now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.

§ 2255, contending that the court misapplied the Armed Career Criminal Act, 18 U.S.C. §

924(e)(1).  For the reasons stated below, the motion will be denied.

        **I.**      **Background**

        On October 1, 2004, Rivera pleaded guilty to a two-count indictment charging him with

distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), and felon in possession of a firearm,

in violation of 18 U.S.C. § 922(g)(1).

        On March 4, 2005, this Court conducted a sentencing hearing.  The Court determined

that under the sentencing guidelines Rivera had a base offense level of 34 as a career offender

and armed career criminal, that he was subject to a 15-year mandatory minimum on the felon-in-

possession conviction, and that he was entitled to a three-level reduction for acceptance of

responsibility.  His criminal history category was VI.  The resulting guideline range was 188 to 235 months.  The Court imposed the minimum guideline sentence of 188 months.

Rivera appealed, contending that the Court erroneously viewed the guideline sentencing range as mandatory, that his sentence was unreasonable, and that he was not an armed career criminal.  The First Circuit rejected the first two arguments on the merits, and rejected the third claim under plain error review, finding any error to be harmless.[1]

Defendant has once again moved to reduce his sentence, pursuant to 28 U.S.C. § 2255, now citing *United States v. Holloway*, 630 F.3d 252 (1st Cir. 2011).  Specifically, he contends that his Massachusetts assault-and-battery convictions should not have been considered "violent felonies" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), and therefore he is entitled to be resentenced.

**II.**    **Analysis**

Congress has established a one-year period of limitation governing motions for relief

---

[1]Specifically, the First Circuit stated:

> Rivera also challenges the district court's determination that he was subject to a 180-month mandatory minimum sentence as an armed career criminal under 18 U.S.C. § 924(e)(1).  The argument is without merit.  In the first place, Rivera failed to challenge the correctness of the court's guidelines calculation (and in fact admitted the correctness of the GSR).  Having forfeited his challenge to the guidelines calculation, our review is for plain error.  *See United States v. Rodriguez,* 311 F.3d 435, 437-38 (1st Cir.2002).  Even assuming that the court committed plain error by concluding that Rivera was an armed career criminal (which we doubt), this error was harmless because his sentence was independently justified under the career criminal guideline, U.S.S.G. § 4B1.4, which yields the same sentencing range and the armed career criminal guideline, and which Rivera does not challenge. Rivera's argument that, under the Sixth Amendment, his prior convictions must be proven to a jury beyond a reasonable doubt is likewise unavailing, given out express rejection of this argument in *Jiménez-Beltre,* 440 F.3d at 520.

*United States v. Rivera*, 448 F.3d 82, 86, n.1 (1st Cir. 2006).

under Section 2255.[2]  28 U.S.C. § 2255(f).  The one-year period runs from the latest of one of

four dates.  *Id.*  These four dates include:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*  Here, defendant cannot establish that his claim is timely under any of the four applicable

dates.

First, more than five years have passed since defendant's judgment of conviction became

final.  The First Circuit affirmed his conviction and sentence on May 19, 2006.  The time to seek

further appellate review from the Supreme Court expired in August 2006.  Defendant filed this

motion on November 28, 2012, more than six years later.

Although not specifically raised by defendant, his motion is also untimely under second,

third, and fourth prongs of Section 2255(f).  Even assuming that the existence of the First

Circuit's decision in *United States v. Mangos*, 134 F.3d 460 (1st Cir. 1998), *abrogated by*

*Holloway*, 630 F.3d at 254-55, amounted to government action that prevented defendant from

making a motion, that "impediment" was removed by the *Holloway* decision in January 2011.

---

[2]Actual innocence can sometimes excuse the expiration of the statute of limitations.  *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).  Here, there is no claim of actual innocence.  Defendant merely challenges the characterization of his assault and battery conviction under the Armed Career Criminal Act.

3

Even assuming that *United States v. Johnson*, 559 U.S. 133 (2010) recognized a new applicable right to collateral review of cases, that new "right" was created in March 2010.  And even assuming that either of these cases represented new "facts" supporting a claim, those "facts" could have been discovered in January 2011 or March 2010.  Thus, the latest conceivable deadline to file any claims under Section 2255 passed in January 2012.  Because defendant's motion was filed in November 2012, after any possible limitations period had expired, his claims under Section 2255 are time-barred.

In short, defendant's motion is untimely and should be dismissed.[3]  *See also United States v. Olano*, 507 U.S. 725, 731 (1993) ("'No procedural principle is more familiar to this Court than that a constitutional right,' or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.'"), *quoting Yakus v. United States*, 321 U.S. 414, 444 (1944).

### III.   <u>Conclusion</u>

For the foregoing reasons, defendant's motion to vacate, correct, or set aside his sentence is DENIED.

---

[3]Even assuming that defendant's claims under Section 2255 were timely filed, they are in any event without merit.  First, he procedurally defaulted on his claim because he did not make any factual challenge to the presentence report at sentencing, nor did he challenge the factual allegation that he punched his victim in the face for the relevant underlying state assault and battery conviction.  *See Bucci v. United States*, 662 F.3d 18, 27 (1st Cir. 2011) ("[C]ollateral relief is generally unavailable if the petitioner has procedurally defaulted his claim by fail[ing] to raise [the] claim in a timely manner at trail or on [direct] appeal.").  Furthermore, he can neither show cause for having procedurally defaulted on his claim nor can he show actual prejudice resulting from the alleged error.  *See United States v. Frady*, 456 U.S. 152, 167-68 (1983) (holding that collateral review of a procedurally defaulted claim may still be available for a petitioner that can show both "cause and actual prejudice," but denying review where petitioner failed to show one prong of the standard).  Finally, he waived his claim by failing to challenge the characterization of his assault-and-battery convictions as violent felonies at his sentencing.  *See, e.g., United States v. Jimenez*, 512 F.3d 1, 7 (1st Cir. 2007) ("The inevitable conclusion from this history is that the appellant—having been expressly invited to object on the ground that his predicate convictions did not qualify him for career offender status and have eschewed that opportunity—waived that objection.").

**So Ordered.**

/s/ F. Dennis Saylor\
F. Dennis Saylor IV

Dated: November 21, 2013                            United States District Judge